USDC SCAN INDEX SHEET

Promark Sports Inc v. Jacksonville Jaguars, et al

















```
GAC    7/17/06   14:19
3:06-CV-01433   PROMARK SPORTS INC V. JACKSONVILLE JAGUARS
*1*
*NTCREM.*
```

Dockets.Justia.com

```
FOLEY & LARDNER LLP
ATTORNEYS AT LAW
402 W. BROADWAY, SUITE 2300
SAN DIEGO, CA 92101-3542
TELEPHONE: 619.234.6655
FACSIMILE: 619.234.3510

WENDY L. TUCKER, BAR NO. 174407
ATTORNEYS FOR DEFENDANT, JACKSONVILLE JAGUARS,
LTD.
```

FILED
06 JUL 14 PM 3:21
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMARK SPORTS, INC., A DELAWARE CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>JACKSONVILLE JAGUARS, LTD., A FLORIDA LIMITED PARTNERSHIP; JACKSONVILLE JAGUARS, A PURPORTED FLORIDA CORPORATION, AND DOES 1 THROUGH 25 INCLUSIVE,<br><br>Defendant. | Case No. 06CV 1433 WQH NLS<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Jacksonville Jaguars, Ltd. (the "Jaguars") hereby removes this action to the United States District Court for the Southern District of California. The grounds for removal are:

1. This Court has original jurisdiction under 28 U.S.C. § 1332, and this action is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a), as it involves a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Plaintiff commenced this action on or about June 13, 2006, by filing a complaint in the Superior Court of the State of California, for the County of San Diego, Case No. GIC 867460.

3.  The 30-day period for removal of this action has not yet expired, as the first date upon which the defendant could have received a copy of the summons and complaint was no earlier than June 16, 2006, the day after which Plaintiff mailed a copy of the summons and complaint to the Jaguars. *See* 28 U.S.C. § 1446(b). A true and correct copy of Plaintiff's envelope containing the summons and complaint is attached hereto as **Exhibit "A."**

4.  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "B."** No other process, order or other pleading in this action has been received by defendant to date.

5.  The District Court of the United States for the Southern District of California (San Diego) has original jurisdiction under 28 U.S.C. § 1332, and the action is one that may be removed to this Court by defendant pursuant to 28 U.S.C. § 1441 based upon the following:

(a) Complete diversity exists in that plaintiff is diverse from defendant. Plaintiff ProMark Sports, Inc., is a Delaware Corporation with its principal place of business in the County of San Diego. (See Exhibit "B," p. 2.) Defendant Jaguars is Florida Limited Partnership with its principal place of business in Jacksonville, Duval County, Florida. (see Exhibit "B," p. 2) The defendant named JACKSONVILLE JAGUARS, a purported Florida Corporation, does not now exist, nor has it ever existed (see Declaration of Sashi Brown, attached as **Exhibit "C"**); and

(b) The amount in controversy exceeds the sum of $75,000, inclusive of anticipated attorneys' fees, and exclusive of interest and costs (see Declaration of Sashi Brown, attached as **Exhibit "C"**).

6.  The Jaguars are filing this same date (July 14, 2006) a copy of this Notice with the Clerk of the Superior Court for the State of California, County of San Diego pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served on plaintiffs' counsel pursuant to

Case 3:06-cv-01433-WQH-NLS   Document 1   Filed 07/14/2006   Page 4 of 17

1  28 U.S.C. § 1446(d).

2      7.   This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

    Wherefore, defendant Jacksonville Jaguars, Ltd. prays that this action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California (San Diego), and for such further relief as may be just and proper.

Dated: July 14, 2006                        FOLEY & LARDNER LLP

                                                    Wendy L. Tucker
                                                    Attorneys for Defendant,
                                                    JACKSONVILLE JAGUARS, LTD.

FOLEY & LARDNER LLP

JACK_548503.1

3

NOTICE OF REMOVAL
CASE NO.









JAMIE A. MORAN
ATTORNEY AT LAW
402 WEST BROADWAY, STE. 400
SAN DIEGO, CA 92101

CERTIFIED MAIL

7004 1160 0005 5495 5101

J. WAYNE WEAVER
JACKSONVILLE JAGUARS, LTD.
ONE STADIUM PLACE
JACKSONVILLE, FL 32202

RETURN RECEIPT REQUESTED

32202+1926-01 C023

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JACKSONVILLE JAGUARS, LTD., a Florida Limited Partnership;
JACKSONVILLE JAGUARS, a purported Florida Corporation, and
DOES 1 through 25 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PROMARK SPORTS, INC. a Delaware Corporation,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2006 JUN 13 PM 3:56

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, for the County of San Diego,
Central Division
330 West Broadway, San Diego, CA 92101

CASE NUMBER: **867460**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jamie A. Moran, Esq.
402 W. Broadway, Suite 400, San Diego, CA 92101   (619) 269-7868

D. SMITH

DATE: **JUN 13 2006**            Clerk, by _____, Deputy
*(Fecha)*                           *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Jamie A. Moran, Esq., SBN 174837
402 W. Broadway
Suite 400
San Diego, CA 92101
619-269-7868
Fax 619-330-2706

Attorney for Plaintiff, Promark Sports, Inc.

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION

2006 JUN 13 PM 3:56

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| PROMARK SPORTS OF, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JACKSONVILLE JAGUARS, LTD., a Florida Limited Partnership; JACKSONVILLE JAGUARS, a purported Florida Corporation, and DOES 1 through 25 inclusive,<br><br>Defendants. | Case No. GIC 867460<br><br>**COMPLAINT FOR BREACH OF CONTRACT, COMMON COUNTS** |

NOW COMES Plaintiff Promark Sports, Inc. ("Plaintiff") and for its Complaint against defendant, alleges as follows:

### INTRODUCTION

1. This is a case involving a wealthy National Football League team, the Jacksonville Jaguars (hereinafter the "Jaguars") which is seeking to avoid its obligations under a contract signed with a small San Diego based company.

2. The Jaguars agreed to distribute promotional booklets, including paid advertisements, which were produced in California and shipped to Florida. When time came to perform on the contract, the Jaguars and their agents failed to take

COMPLAINT
1

steps to ensure the booklets were distributed to individual consumers, as specifically required under the contract between the parties. As a result, nearly 300,000 booklets were produced, paid for, and shipped to the Jaguars agent by Plaintiff but were never distributed.

## JURISDICTION AND VENUE

3. Venue is proper in this Court because the contract was formed in the City and County of San Diego. Plaintiff's performance under the contract also took place in the City and County of San Diego.

4. The amount in controversy under this Complaint exceeds the minimal jurisdictional limit of this Court, and the claims asserted in this Complaint are within the subject-matter jurisdiction of this Court.

## THE PARTIES

5. Plaintiff Promark Sports, Inc. ("Plaintiff") is a Delaware Corporation with its principal place of business in the County of San Diego.

6. Defendant Jaguars is a Florida Limited Partnership with its principal place of business in Jacksonville, Florida.

7. The defendant identified as "Jacksonville Jaguars" is a purported Florida Corporation. Plaintiff is informed and believes that this corporate defendant is the alter ego of the Jaguars Limited Partnership entity such that it would be unjust for the Court to treat them as separate entities.

8. Plaintiff is currently unaware of the true names and capacities of the Defendants sued as Does 1 through 25, inclusive. Plaintiff is informed and believes that Does 1 through 25, in connection with the named defendants, proximately caused the damages suffered by Plaintiff as alleged in this Complaint. Plaintiff will seek leave of Court or will otherwise amend this pleading to include the true names and capacities of Does 1 through 25 when they have been ascertained.

9. On information and belief, each Defendant is an agent and/or employee of each other Defendant, and at all relevant times was acting within the course and scope

of such agency and/or employment, or the acts of each Defendant were approved or subsequently ratified by each other Defendant.

### FIRST CAUSE OF ACTION

(Breach of Contract)

10. Plaintiff incorporates and realleges paragraphs 1 through 9 above as though fully set forth herein.

11. Plaintiff and the Jaguars entered into a contract on August 11, 2003 for the production and distribution of promotional materials known as the "Making a Difference Books" (hereinafter the "Books").

12. The material terms of the contract were:

   a. Plaintiff would produce 300,000 books and would deliver them from California to the Jaguars' agent in Florida.

   b. Jaguars were permitted to sell an agreed number of pages in the books. The remaining pages were sold by Promark to non-competing advertisers, many of which were sponsors and/or licensees of the National Football League.

   c. The Jaguars, through their retail partner agent, were to distribute the books to consumers beginning in September 2003 and continuing through the 2003 football season, until all of the books were distributed.

   d. Within 30 days of the completion of distribution, the Jaguars were required to provide Plaintiff with an affidavit demonstrating all books had been distributed according to the contract.

   e. The contract term was from August 11, 2003 until December 31, 2005 and the same program was to continue for the 2004 and 2005 football seasons.

13. Plaintiff complied with all provisions of the contract and has fully performed its obligations therein.

14. The Jaguars breached the contract by, *inter alia*:

   a. Failing to fully distribute the Books to consumers;

    b. Failing to take steps to ensure the Books were fully distributed;

    c. Failing to inform Plaintiff the Books were not being distributed so as to permit Plaintiff an opportunity to mitigate its damages;

    d. Abandoning the distribution program before performance was completed;

    e. Failing to timely supply the required affidavit of distribution; and

    f. Failing to perform any of their contractual obligations for the 2004 and 2005 football seasons.

15. No part of the Jaguars required performance was excused by Plaintiff.

16. Plaintiff is informed and believes the Jaguars made certain concessions to entities who purchased advertising through the team and who did not receive any benefit of their advertisements in the undistributed books. In spite of repeated assurances, the Jaguars have failed to make any such concessions (known as "make goods") to either Plaintiff or Plaintiff's advertisers or to pay Plaintiff for the cost of the books that were not distributed by the Jaguars.

17. As a proximate and legal result of the Jaguars' breach of the contract, Plaintiff has been damaged in an amount subject to proof at trial and in excess of the minimum jurisdiction of this Court.

## SECOND CAUSE OF ACTION
(Open Book Account)

18. Plaintiff incorporates and realleges paragraphs 1 through 17 above as though fully set forth herein.

19. Within the four years prior to the filing of this Complaint, the defendants became indebted to plaintiff on an open book account in an amount subject to proof at trial.

20. Plaintiff has demanded defendants pay the amount owing on the account, but defendants have refused, and continue to refuse, to make any payment whatsoever.

COMPLAINT
4

## THIRD CAUSE OF ACTION

(Account Stated)

21. Plaintiff incorporates and realleges paragraphs 1 through 20 above as though fully set forth herein.

22. On January 22, 2004, there was an account stated between Plaintiff and the Jaguars for a sum certain, which sum was an agreed upon value of the goods delivered from Plaintiff to the Jaguars, and to which the Jaguars did not object in any timely manner.

23. As a result of the Jaguars failure to pay the amount owed, Plaintiff has been damaged in an amount subject to proof at trial.

WHEREFORE, plaintiff prays:

a) For damages according to proof;

b) For costs of suit herein;

c) For attorneys fees subject to contract (as to the First Cause of Action); and,

d) For such other and further relief as this honorable Court deems just and proper.

Respectfully submitted:          Jamie A. Moran, Esq.
                                 Attorney for Plaintiff, Promark Sports, Inc.

Dated: June 13, 2006

COMPLAINT
5

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
402 W. BROADWAY, SUITE 2300
SAN DIEGO, CA 92101-3542
TELEPHONE: 619.234.6655
FACSIMILE: 619.234.3510

WENDY L. TUCKER, BAR NO. 174407
ATTORNEYS FOR DEFENDANT, JACKSONVILLE JAGUARS, LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMARK SPORTS, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JACKSONVILLE JAGUARS, LTD., a Florida Limited Partnership; JACKSONVILLE JAGUARS, a purported Florida Corporation, and Does 1 through 25 inclusive,<br><br>    Defendant. | Case No.<br><br>**DECLARATION OF SASHI BROWN IN SUPPORT OF NOTICE OF REMOVAL** |

I, Sashi Brown, declare as follows:

1. I am Assistant General Counsel for the defendant in this action, Jacksonville Jaguars, Ltd. (the "Jaguars"). I have worked for the Jaguars since August 2005.

2. The defendant named JACKSONVILLE JAGUARS, a purported Florida Corporation, does not now exist, nor has it ever existed.

3. The amount in controversy exceeds the sum of $75,000, exclusive of interest, costs and attorneys' fees, as Plaintiff has demanded that the Jaguars pay it $150,000.

///
///
///

1
AFFIDAVIT IN SUPPORT OF NOTICE OF REMOVAL
CASE NO.

JACK_548524.1

1  I declare under penalty of perjury under the laws of Florida and the United States
2  that the foregoing is true and correct.
3  Executed this 13th day of July, 2006 at Jacksonville, Florida.

_____
Sashi Brown

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Promark Sports, Inc., a Delaware corporation

**DEFENDANTS**
Jacksonville Jaguars, Ltd., a Florida Ltd. Partnership; Jacksonville Jaguars, a purported Florida corporation and Does 1 to 25 inclusive

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Duval County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Stamped: 06 JUL 14 PM 3:24  DEPUTY
06CV 1433 WQH NLS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jamie A. Moran, SBN 174837; 402 W. Broadway, Ste. 400, San Diego, CA 92101; 619-269-7868

Attorneys (If Known)
Wendy L. Tucker, Bar No. 174407; Foley & Lardner LLP, 402 W. Broadway, Ste. 2300, San Diego, CA 92101; 619-234-6555

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332     See complaint

Brief description of cause:
Breach of contract; open book account; account stated.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE John H. Skinner, Duval County, FL     DOCKET NUMBER Case No. 16 2006 CA 03665

DATE: 07/14/2006
SIGNATURE OF ATTORNEY OF RECORD: Wendy L. Tucker

**FOR OFFICE USE ONLY**
RECEIPT # 127195   AMOUNT $350   APPLYING IFP No 7/14/06   JUDGE _____   MAG. JUDGE _____